**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Hall v. Mohr,* **Slip Opinion No. 2014-Ohio-3735.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3735

THE STATE EX REL. HALL, APPELLANT, *v.* MOHR, DIR., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hall v. Mohr,* Slip Opinion No. 2014-Ohio-3735.]**

*Mandamus—R.C. 2969.25—Civil action by inmate against governmental entity or employee—Failure to file affidavit with complaint describing each civil action or appeal of a civil action filed in the previous five years in any state or federal court—Defect cannot be cured by later filing—Court of appeals' dismissal of complaint affirmed.*

(No. 2014-0070—Submitted August 20, 2014—Decided September 2, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 13AP-588, 2013-Ohio-5779.

_____

**Per Curiam.**

{¶ 1} We affirm the Tenth District Court of Appeals' dismissal of appellant David Hall's complaint in mandamus. Hall filed the action in the Tenth District Court of Appeals seeking an order compelling appellee, Gary Mohr,

Director of Rehabilitation and Correction, to hold an immediate hearing and grant Hall release from incarceration. Except for several exhibits, the only attachment to the original complaint was an affidavit of verity attesting to Hall's competency and the truthfulness of the statements in the complaint and the attached exhibits.

**{¶ 2}** The matter was referred to a magistrate, who determined that Hall failed to file with his complaint several of the documents required by R.C. 2969.25. Specifically, he failed to file an affidavit of prior civil actions, required by R.C. 2969.25(A), an affidavit seeking prepayment of the court's filing fees, an affidavit of indigence, and a certified copy of the institutional cashier's statement setting forth the balance in his inmate account, all of which are required by R.C. 2969.25(C). 2013-Ohio-5779, ¶ 10-12. The magistrate concluded that compliance with R.C. 2969.25(A) is mandatory and recommended dismissal. *Id.* at ¶ 14. Hall objected and filed an affidavit of prior actions, an affidavit of indigence, and an affidavit indicating that he had not filed a grievance in an apparent effort to correct the deficiencies in his original pleadings.

**{¶ 3}** The court of appeals adopted the magistrate's decision, finding that Hall's belated attempt to cure the defects in his complaint were to no avail, because the documents required by R.C. 2969.25 must be filed with the complaint. *Id.* at ¶ 4.

**{¶ 4}** We affirm. The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998). As held by the court of appeals, the affidavit required by R.C. 2696.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9 (an inmate's "belated attempt to file the required affidavit does not excuse his noncompliance. See R.C.

2

2969.25(A), which requires that the affidavit be filed '*[a]t the time that an inmate commences a civil action* or appeal against a government entity or employee.' " [emphasis sic]).

{¶ 5} Nor is this a dismissal on the merits requiring prior notice, as asserted by Hall. Because the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured, prior notice of the dismissal would have afforded Hall no recourse.

{¶ 6} Therefore, the court of appeals was correct to dismiss Hall's complaint in mandamus, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

David Hall, pro se.

Michael DeWine, Attorney General, and Mindy Worly, Assistant Attorney General, for appellee.

_____