THE STATE EX REL. WATKINS, APPELLANT, *v.* ANDREWS, CHIEF, ADULT PAROLE AUTHORITY, ET AL., APPELLEES.

[Cite as *State ex rel. Watkins v. Andrews,*
142 Ohio St.3d 308, 2015-Ohio-1100.]

(No. 2014–0629—Submitted January 13, 2015—Decided March 26, 2015.)

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing an original action in mandamus brought by appellant, Charles C. Watkins, who claims that appellees Sara Andrews, chief of the Adult Parole Authority, and Cynthia Mausser, chair of the Parole Board, failed to afford him review of his parole.

{¶ 2} The Tenth District Court of Appeals dismissed the complaint sua sponte because Watkins failed to comply with R.C. 2969.25(A)(1). That statute requires an inmate commencing an action against a government entity or employee to file an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years. The court of appeals held that Watkins's affidavit did not comply with R.C. 2969.25(A)(1). Watkins claims that it did and that the court of appeals could not sua sponte dismiss his complaint without notice.

{¶ 3} Watkins's affidavit does not comply with the statute, and the court below did not err by dismissing his complaint sua sponte. We affirm.

*Facts*

{¶ 4} Watkins, an inmate at North Central Correctional Complex, filed an original action on August 29, 2013, petitioning the Tenth District Court of Appeals for a writ of mandamus against appellees. The magistrate in the court of appeals found that Watkins had failed to meet the mandatory filing requirement in R.C. 2969.25(A) and recommended that the failure required dismissal of the action. Specifically, the magistrate found that the affidavit stated only that Watkins had not filed a civil action in the preceding twelve months, while the statute required a description of any civil action filed in the previous five years. The magistrate recommended that the court sua sponte dismiss the action. The court of appeals overruled Watkins's objections to the magistrate's decision, adopted the magistrate's findings of fact and conclusions of law, denied the writ, and dismissed the cause.

{¶ 5} Watkins appealed the Tenth District's decision to this court, and both parties timely filed briefs.

*Analysis*

{¶ 6} Watkins raises two propositions of law. First, he claims that his affidavit did meet the requirements in R.C. 2969.25(A), because it contained a brief description of the civil action, the case name, number, and court, the name of each party, and the outcome. He does not address the court of appeals' holding that the affidavit covered only the previous 12 months rather than the 5 years required by the statute.

{¶ 7} The court of appeals is correct. The statute requires an affidavit that addresses civil actions and appeals filed in the previous five years, and Watkins's affidavit addressed only the twelve months prior to the filing of the complaint. Compliance with R.C. 2969.25(A) is mandatory. *State ex rel. McGrath v. McDonnell,* 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5 (" 'The requirements of R.C. 2969.25 are mandatory, and failure to comply

with them subjects an inmate's action to dismissal'"); *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, 833 N.E.2d 296, ¶ 5.

{¶ 8} Watkins's second proposition of law—that the court of appeals abused its discretion by sua sponte dismissing his petition—is equally without merit. The court of appeals did not need to give notice of its intent to dismiss the petition, because a dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the merits. *State ex rel. Hall v. Mohr,* 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 5. "Because the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured, prior notice of the dismissal would have afforded the relator no recourse." *Id.* Watkins's complaint was defective on its face because it failed to comply with a statutory requirement. A belated attempt to amend or file a correct affidavit does not excuse noncompliance with R.C. 2969.25. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9.

{¶ 9} Therefore, the court of appeals did not err by dismissing Watkins's complaint sua sponte. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Charles L. Watkins, pro se.

Michael DeWine, Attorney General, and William D. Maynard, Assistant Attorney General, for appellee.