[Cite as *State ex rel. Anderson v. Wilson*, 2016-Ohio-1191.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Herbert Anderson, :

   Relator, :

v. : No. 15AP-1060

Roger Wilson, : (REGULAR CALENDAR)
Office of Chief Inspector,
Operation Support Center, :

   Respondent. :

D E C I S I O N

Rendered on March 22, 2016

*Herbert Anderson*, pro se.

*Michael DeWine*, Attorney General, and *Thomas C. Miller*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Herbert Anderson, commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Roger Wilson, Chief Inspector of the Ohio Department of Rehabilitation and Correction, to render decisions in two grievances allegedly filed by Anderson with the Office of the Chief Inspector.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. As the magistrate noted, Anderson filed his original action on November 20, 2015, but Anderson failed to also file an affidavit of waiver and a statement, certified by the institutional cashier, setting forth the balance in his inmate account for each of the preceding six months. Under R.C.

2969.25(C), the affidavit of waiver and the statement of the account balance are mandatory filing requirements. Because Anderson failed to satisfy the mandatory filing requirements of R.C. 2969.25(C), the magistrate, in a December 14, 2015 decision, recommended sua sponte dismissal of the action.

{¶ 3} Anderson did not file any objections within the Civ.R. 53(D)(3)(b)(i) time frame. However, on January 7, 2016, Anderson filed a document captioned "Relator's Respond to Magistrate Order," asking for an extension of time in which to file objections ("motion for leave"). Anderson included with his motion for leave (1) written objections to the magistrate's decision, (2) an affidavit of prior actions, (3) an affidavit of waiver, and (4) a certified statement of his inmate account balance. In his written objections, Anderson offered several explanations for his failure to comply with the filing requirements of R.C. 2969.25. Wilson filed a reply to Anderson's untimely objections on January 19, 2016, arguing this court should deny Anderson leave to file untimely objections and/or overrule his objections. Anderson responded in a January 25, 2016 reply memorandum.

{¶ 4} Because Anderson's objections are untimely, we initially must determine whether to grant him leave to file objections. We note there is no provision in Civ.R. 53(D)(3)(b)(i) allowing a party to file a motion for leave to file untimely objections. However, pursuant to App.R. 14(B), "[f]or good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time." In his motion for leave, Anderson asserted he could not comply with the 14-day deadline in which to file objections because he had been placed in segregation in the correctional institution which impeded his access to the prison library and other resources. We conclude Anderson has demonstrated good cause for an extension of time and therefore grant his motion for leave to file untimely objections. *See, e.g., State ex rel. Fitch v. Indus. Comm.*, 10th Dist. No. 85AP-1026 (July 28, 1987), fn. 1 (granting, pursuant to App.R. 14(B), relator's motion for leave to enlarge the time for filing objections by three days).

{¶ 5} Having granted Anderson's motion for leave to file untimely objections, we nonetheless overrule his objections. As the Supreme Court of Ohio has held, "[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires

dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999).  Thus, both the affidavit of waiver and the certified statement of account "must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings." *Id.*, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9.  *See also Morris v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6 (noting "[c]ompliance with R.C. 2969.25 is mandatory and failure to comply subjects an inmate's action to dismissal").

{¶ 6}  We find the magistrate discerned the pertinent facts and properly applied the relevant law to those facts.  Because Anderson cannot cure the defect in his initial filing through subsequent filings included with his objections, timely or otherwise, we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law.

{¶ 7}  Accordingly, having adopted the magistrate's decision as our own, although we grant Anderson's motion for leave to file untimely objections, we overrule Anderson's objections to the magistrate's decision.  In accordance with the magistrate's decision, we sua sponte dismiss Anderson's request for a writ of mandamus.

*Motion granted; objections overruled; case dismissed.*

BROWN and SADLER, JJ., concur.

_____

## APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State ex rel. Herbert Anderson,               :

      Relator,               :

v.               :               No.  15AP-1060

Roger Wilson,               :               (REGULAR CALENDAR)
Office of Chief Inspector,
Operation Support Center,               :

      Respondent.               :

---

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on December 14, 2015**

---

*Herbert Anderson,* pro se.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 8}  In this original action, relator, Herbert Anderson, an inmate of the Allen Oakwood Correctional Institution ("AOCI"), requests a writ of mandamus ordering respondent, Roger Wilson, the Chief Inspector of the Ohio Department of Rehabilitation and Correction, to render decisions in two appeals allegedly filed by relator with the Office of Chief Inspector.

Findings of Fact:

{¶ 9}  1. On November 20, 2015, relator, an AOCI inmate, filed this original action against respondent.  Relator requests that this court issue a writ of mandamus ordering respondent to render decisions in two appeals allegedly filed by relator with the Office of Chief Inspector on April 15 and June 30, 2015.

{¶ 10} 2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 11} 3. Relator did file with his complaint an affidavit of indigency executed by relator on November 16, 2015.

{¶ 12} 4. Relator has not filed an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees as required by R.C. 2969.25(C).

{¶ 13} 5. Relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

Conclusions of Law:

{¶ 14} It is the magistrate's decision that this court sua sponte dismiss this action.

{¶ 15} R.C. 2969.25 provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 16} Here, by failing to file an affidavit of waiver and a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, relator has failed to satisfy mandatory filing requirements set forth in R.C. 2969.25(C), and, thus, this court must dismiss this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893. Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).