**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Robinson v. Miller,* **Slip Opinion No. 2016-Ohio-7828.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7828

ROBINSON, APPELLANT, *v.* MILLER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. Miller,* Slip Opinion No. 2016-Ohio-7828.]**

*Habeas corpus—R.C. 2969.25(C)—Failure to document balance of inmate account for six months preceding filing of petition—Court of appeals' dismissal of petition for writ of habeas corpus affirmed.*

(No. 2016-0309—Submitted August 16, 2016—Decided November 22, 2016.)

APPEAL from the Court of Appeals for Belmont County, No. 15 BE 62.

_____

**Per Curiam.**

{¶ 1} We affirm the Seventh District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by petitioner-appellant, Damon Robinson, against respondent-appellee, Warden Michele Miller.

{¶ 2} According to Robinson's petition and the documents attached to it, Robinson was sentenced by the Franklin County Court of Common Pleas in 1995 to a prison term of 7 to 25 years for one count of felonious assault on a police

officer. After being released on parole, he pleaded guilty in 2011 to resisting arrest, was given a three-year suspended sentence, and was placed on community control. Robinson alleges that under his plea agreement, he was ordered to participate in a community-based-correctional-facility program ("CBCF program") and that he was told by his parole officer that his 1995 case would be terminated upon his completion of the CBCF program. He asserts that he completed the program in February 2013 and that he was told by his parole officer that he was "done with" his 1995 case.

{¶ 3} In 2013, Robinson stipulated to a violation of his community-control sanctions and was ordered to serve the three-year sentence for the 2011 resisting-arrest conviction. In February 2015, after, Robinson alleges, he had completed his resisting-arrest sentence, the Ohio Parole Board found that Robinson had violated his parole for the 1995 sentence and imposed an additional three-year term of confinement on that basis without first holding a revocation hearing.

{¶ 4} Robinson filed this action in habeas corpus in the Seventh District, claiming that the board did not have authority to extend his incarceration, because he had been given a final release from his 1995 conviction.

{¶ 5} The court of appeals dismissed the action because Robinson failed to attach all his commitment papers to his petition, as required by R.C. 2725.04(D), and failure to do so requires dismissal, *see, e.g.*, *Fugett v. Turner*, 140 Ohio St.3d 1, 2014-Ohio-1934, 14 N.E.3d 984, ¶ 2 (failure to attach all commitment papers "renders the petition fatally defective and subject to dismissal"). The court of appeals stated that Robinson had failed to attach the judgment entries from his 1995 and 2011 convictions.

{¶ 6} Robinson asserts in this court that he *did* attach all his commitment papers to his petition in the court of appeals but the clerk of court lost the papers. He requests leave to supplement the record with these documents, although he does

2

not attach to the motion copies of all his judgment entries. However, we dismiss the motion as moot, as we affirm on another ground.

{¶ 7} We affirm the court of appeals' dismissal because, although Robinson filed an affidavit of indigency, he failed to attach a certified account statement of his inmate balance for the six months preceding the filing of his action. R.C. 2969.25(C)(1) requires that inmates filing civil actions in forma pauperis submit with their complaint an affidavit of indigency and "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." The requirements of R.C. 2969.25 " 'are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶ 8} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J., dissents.

O'NEILL, J., dissents, with an opinion joined by PFEIFER, J.

_____

**O'NEILL, J., dissenting.**

{¶ 9} Respectfully, I must dissent.

{¶ 10} A habeas corpus petition is most often used to question the authority of the government to hold someone. In this matter, petitioner-appellant, Damon Robinson, claims that he was given a final release from a 1995 conviction but then, without a hearing, was kept in prison in 2015 for violating his parole for the 1995 conviction. The court of appeals dismissed Robinson's habeas petition because he had failed to include the commitment records required under R.C. 2725.04(D). I would call that a procedural defect. And the majority now affirms the dismissal in

his direct appeal to this court, in which he alleges that the clerk of courts lost these records. This court affirms the dismissal on the grounds that Robinson failed to attach a certified account statement of his inmate balance for the six months preceding the filing of his action, as required under R.C. 2969.25(C)(1). I would also call this a procedural defect. As he did in the court of appeals, Robinson is raising a significant constitutional question here, and like the court of appeals, this court is refusing to answer it because of a filing mistake. With the stakes so high— we are talking about a person's liberty—courts simply cannot be permitted to say, "You have not crossed your t's and dotted your i's, so we are not required to listen to you."

**{¶ 11}** We should not dismiss habeas petitions so readily, and neither should the courts of appeals. We have held that "[t]he Rules of Civil Procedure are generally applicable in original actions for extraordinary writs, including habeas corpus actions." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 6. Thus, we are talking about a civil, not a criminal, action. With regard to dismissal orders in other civil cases, we have held that "Civ.R. 41(B)(1) applies to *all* dismissals with prejudice" and in all such cases, litigants are entitled to "the due process guarantee of prior notice." (Emphasis sic.) *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986). We later clarified that parties are owed not only forewarning of the possibility of dismissal but also "a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). We adopted this rule because "the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it." *Id.*

**{¶ 12}** Somewhere along the line, this court decided not to require notice and an opportunity to correct errors before dismissals in habeas corpus cases. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 7 and 9 ("under Ohio law, state writ actions are civil actions," but "Fuqua's belated

attempt to file the required affidavit does not excuse his noncompliance"). We decided instead that the requirements of R.C. 2969.25 are so vital to the determination of a habeas petition that "failure to comply with them requires dismissal of an inmate's complaint" and "an inmate may not cure the defect by later filings." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. Faced with the fact that our case law unequivocally requires notice and an opportunity to cure prior to a dismissal with prejudice, and faced with a glaring due-process problem, we decided that a dismissal for failure to comply with R.C. 2969.25 is not a dismissal with prejudice. *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, 29 N.E.3d 967, ¶ 8.

{¶ 13} At best, the rule that a petitioner cannot cure an R.C. 2969.25 defect by later filings results in inefficiency because it requires petitioners to start over with new filings. At its worst, this rule might confuse a petitioner or dissuade him or her from continuing to pursue a legitimate habeas claim. Or the rule might unfairly deny relief in the federal courts, which have at least twice called a dismissal for failure to comply with R.C. 2969.25 a "procedural default," precluding federal habeas review of the merits of a habeas claim. *White v. Richards*, S.D.Ohio No. 3:15–cv–092, 2015 WL 4465349, *3 (July 21, 2015); *Boswell v. Warden, Lebanon Corr. Inst.*, S.D.Ohio No. 1:07–cv–702, 2008 WL 4411416, *9 (Sept. 29, 2008).

{¶ 14} I do not question the holdings that habeas petitioners must follow statutory requirements in order for courts to reach the merits of their claims. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992) ("When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application"); *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 177-178, 724 N.E.2d 420 (2000) ("The certified statement of the prison cashier required by R.C. 2969.25(C) concerning Hunter's

inmate account would have allowed Hunter to support his bare, conclusory assertion that he was indigent").  Instead, I question the practice of resolving these cases entirely on procedural technicalities without offering the petitioner a chance to comply with the statutes.  At the very least, courts should state in their judgment entries that habeas cases dismissed for noncompliance with the statutes are dismissed without prejudice.

{¶ 15} We should reverse the judgment of the court of appeals and remand the cause to that court for it to allow Robinson the opportunity to cure whatever defaults subject his habeas petition to dismissal.

{¶ 16} Respectfully, I dissent.

PFEFIFER, J., concurs in the foregoing opinion.

_____

Damon Robinson, pro se.

Michael DeWine, Attorney General, and Paul Kerridge, Assistant Attorney General, for appellee.

_____