O’Neill, J.,
dissenting.
{¶ 9} Respectfully, I must dissent.
{¶ 10} A habeas corpus petition is most often used to question the authority of the government to hold someone. In this matter, petitioner-appellant, Damon Robinson, claims that he was given a final release from a 1995 conviction but then, without a hearing, was kept in prison in 2015 for violating his parole for the 1995 conviction. The court of appeals dismissed Robinson’s habeas petition because he had failed to include the commitment records required under R.C. 2725.04(D). I would call that a procedural defect. And the majority now affirms the dismissal in his direct appeal to this court, in which he alleges that the clerk of courts lost these records. This court affirms the dismissal on the grounds that Robinson failed to attach a certified account statement of his inmate balance for *431 the six months preceding the filing of his action, as required under R.C. 2969.25(C)(1). I would also call this a procedural defect. As he did in the court of appeals, Robinson is raising a significant constitutional question here, and like the court of appeals, this court is refusing to answer it because of a filing mistake. With the stakes so high — we are talking about a person’s liberty — courts simply cannot be permitted to say, “You have not crossed your t’s and dotted your i’s, so we are not required to listen to you.”
{¶ 11} We should not dismiss habeas petitions so readily, and neither should the courts of appeals. We have held that “[t]he Rules of Civil Procedure are generally applicable in original actions for extraordinary writs, including habeas corpus actions.” Brooks v. Kelly, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 6. Thus, we are talking about a civil, not a criminal, action. With regard to dismissal orders in other civil cases, we have held that “Civ.R. 41(B)(1) applies to all dismissals with prejudice” and in all such cases, litigants are entitled to “the due process guarantee of prior notice.” (Emphasis sic.) Ohio Furniture Co. v. Mindala, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986). We later clarified that parties are owed not only forewarning of the possibility of dismissal but also “a reasonable opportunity to defend against dismissal.” Quonset Hut, Inc. v. Ford Motor Co., 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). We adopted this rule because “the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it.” Id.
{¶ 12} Somewhere along the line, this court decided not to require notice and an opportunity to correct errors before dismissals in habeas corpus cases. Fuqua v. Williams, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 7 and 9 (“under Ohio law, state writ actions are civil actions,” but “Fuqua’s belated attempt to file the required affidavit does not excuse his noncompliance”). We decided instead that the requirements of R.C. 2969.25 are so vital to the determination of a habeas petition that “failure to comply with them requires dismissal of an inmate’s complaint” and “an inmate may not cure the defect by later filings.” State ex rel. Hall v. Mohr, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. Faced with the fact that our case law unequivocally requires notice and an opportunity to cure prior to a dismissal with prejudice, and faced with a glaring due-process problem, we decided that a dismissal for failure to comply with R.C. 2969.25 is not a dismissal with prejudice. State ex rel. Watkins v. Andrews, 142 Ohio St.3d 308, 2015-Ohio-1100, 29 N.E.3d 967, ¶ 8.
{¶ 13} At best, the rule that a petitioner cannot cure an R.C. 2969.25 defect by later filings results in inefficiency because it requires petitioners to start over with new filings. At its worst, this rule might confuse a petitioner or dissuade him or her from continuing to pursue a legitimate habeas claim. Or the rule might unfairly deny relief in the federal courts, which have at least twice called a *432 dismissal for failure to comply with R.C. 2969.25 a “procedural default,” precluding federal habeas review of the merits of a habeas claim. White v. Richards, S.D.Ohio No. 3:15-cv-092, 2015 WL 4465349, *3 (July 21, 2015); Boswell v. Warden, Lebanon Corr. Inst., S.D.Ohio No. 1:07-cv-702, 2008 WL 4411416, *9 (Sept. 29, 2008).
Damon Robinson, pro se.
Michael DeWine, Attorney General, and Paul Kerridge, Assistant Attorney General, for appellee.
{¶ 14} I do not question the holdings that habeas petitioners must follow statutory requirements in order for courts to reach the merits of their claims. Bloss v. Rogers, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992) (“When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner’s application”); State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas, 88 Ohio St.3d 176, 177-178, 724 N.E.2d 420 (2000) (“The certified statement of the prison cashier required by R.C. 2969.25(C) concerning Hunter’s inmate account would have allowed Hunter to support his bare, conelu-sory assertion that he was indigent”). Instead, I question the practice of resolving these cases entirely on procedural technicalities without offering the petitioner a chance to comply with the statutes. At the very least, courts should state in their judgment entries that habeas cases dismissed for noncompliance with the statutes are dismissed without prejudice.
{¶ 15} We should reverse the judgment of the court of appeals and remand the cause to that court for it to allow Robinson the opportunity to cure whatever defaults subject his habeas petition to dismissal.
{¶ 16} Respectfully, I dissent.
Pfeifer, J., concurs in the foregoing opinion.