[Cite as *Zayas v. State*, 2016-Ohio-8038.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOSE M. ZAYAS | ) | CASE NO. 16 MA 0137 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| STATE OF OHIO | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:     Dismissed.

APPEARANCES:

For Petitioner:     Jose M. Zayas, *Pro se*
Jail I.D. No. 54065
Mahoning County Justice Center
110 Fifth Avenue
Youngstown, Ohio  44503

For Respondent:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  December 7, 2016

PER CURIAM.

{¶1} Petitioner Jose Zayas, proceeding on his own behalf, filed a writ of habeas corpus seeking immediate release from incarceration at the Mahoning County Jail in Youngstown, Ohio. Respondent State of Ohio has filed a motion to dismiss.

{¶2} According to his petition, Petitioner was "illegally arrested without warrant" on August 6, 2016, by Youngstown Police and taken to the Mahoning County Jail pending action by the Commonwealth of Kentucky. Petitioner alleges that he has been held in the jail for 24 days without appearing before a judge or magistrate in violation of the Uniform Extradition Act.

{¶3} Upon review, it is apparent that the petition must be dismissed for two reasons. The first is that when an inmate files a civil action filed against a governmental entity or employee, R.C. 2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals that petitioner has filed in state or federal court within the past five years. Petitioner has not included the required affidavit. The Ohio Supreme Court has held that the "requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. *See also Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 6-9 ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action." *Id.* at syllabus).

**{¶4}** The second reason the petition fails goes to the underlying basis of the petition itself: the purported delay in extradition proceedings. Respondent has attached to its motion to dismiss a copy of an indictment issued by the Mahoning County Grand Jury subsequent to Petitioner's arrest reflecting that Petitioner has been charged in this state with carrying a concealed weapon (fourth-degree felony) and having a weapon while under disability (third-degree felony). R.C. 2963.17 addresses this type of situation and provides that the state may hold a fugitive indicted in this state or surrender him:

> If a criminal prosecution has been instituted under the laws of this state against a person sought by another state under sections 2963.01 to 2963.27, inclusive, of the Revised Code, and is still pending, the governor may surrender him on demand of the executive authority of another state *or hold him until he has been tried and discharged or convicted and punished in this state.* (Emphasis added.)

**{¶5}** Based on the foregoing, we dismiss the petition for a writ of habeas corpus.

**{¶6}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

DeGenaro, J., concurs.

Robb, J., concurs.