[Cite as *State ex rel. Perotti v. Ohio Adult Parole Auth.*, 2017-Ohio-817.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. John W. Perotti, | : | |
| Relator, | : | |
| v. | : | No. 16AP-710 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

# D E C I S I O N

## Rendered on March 7, 2017

**On brief:** *John W. Perotti,* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Kelly N. Brogan*, for respondent.

## IN MANDAMUS AND HABEAS CORPUS
## ON SUA SPONTE DISMISSAL

LUPER SCHUSTER, J.

{¶ 1} Relator John W. Perotti commenced this original action requesting a writ of mandamus and habeas corpus issue against respondent Ohio Adult Parole Authority.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. As the magistrate noted, Perotti filed his original action on October 12, 2016 along with (1) an affidavit of indigency executed in August 2016; (2) an "Affidavit of Prior Actions" executed by relator on August 16, 2016; (3) a document captioned "Combined Affidavit of Inmate Per R.C. 2969.21, et seq." indicating relator has $6.18 in his inmate account, signed by relator and notarized on September 14, 2016; and (4) a document captioned "Mansfield Correctional Institution, Inmate Demand Statement" setting forth the transactions in relator's inmate

account for the period of February 1 to August 20, 2016.  Neither the combined affidavit of inmate nor the inmate demand statement is certified by the institutional cashier.  The magistrate found relator failed to comply with R.C. 2969.25(C) because the statement of account he filed did not include the second half of August or any of September 2016, and, since relator filed his original action on October 12, 2016, he did not show the balance in his inmate account "for each of the preceding six months."  R.C. 2969.25(C)(1).  Thus, the magistrate recommended that this court sua sponte dismiss the action.

{¶ 3}   Relator filed objections to the magistrate's decision arguing he did supply a statement accounting for a period of six months and that his failure to provide a statement that did not cover the second half of August or any of September was not fatal to his claim.  The record reflects that along with his objections, relator filed an updated statement of his inmate account covering the six month period of May 1 to November 2, 2016.

{¶ 4}   Though the magistrate and relator focus on the contents of the statement of account and whether it covers the proper time period, our review of the record indicates the document relator filed with his complaint suffers from a more fundamental flaw: it is not certified by the institutional cashier.  Pursuant to R.C. 2969.25(C), an inmate seeking waiver of prepayment of the filing fee on the grounds of indigency must file along with the complaint an affidavit that includes (1) a statement of the amount in the inmate's account for each of the preceding six months *as certified by the institutional cashier*, and (2) a statement of all other cash and things of value owned by the inmate.  The magistrate noted in its decision that the statement of account relator provided was not certified by the institutional cashier, and this failure alone renders relator's filing noncompliant with R.C. 2969.25.  Therefore, we need not address the merits of relator's arguments regarding the proper time frame of the six-month statement because the document was not certified by the institutional cashier.

{¶ 5}   As the Supreme Court of Ohio has held, "[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint."  *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999).  Additionally, as this court has recently reiterated, both the affidavit of waiver and the

certified statement of account must be filed at the time the inmate files the complaint, and " 'an inmate may not cure the defect by later filings.' " *State ex rel. Anderson v. Wilson*, 10th Dist. No. 15AP-1060, 2016-Ohio-1191, ¶ 5, quoting *Hall* at ¶ 4. Thus, the updated statement of account relator filed along with his objections does not operate to retroactively comply with the requirements of R.C. 2969.25(C). *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5. Though we agree with the magistrate's recommendation to sua sponte dismiss relator's complaint due to his failure to comply with R.C. 2969.25(C), we modify the magistrate's decision to reflect relator's failure to provide a *certified* statement of account as the basis for dismissal.

{¶ 6} Following an independent review of this matter, we overrule relator's objections to the magistrate's decision. We adopt the magistrate's findings of facts and conclusions of law, with the exception of the modification noted regarding the basis for dismissal under R.C. 2969.25(C). In accordance with the modifications to the magistrate's decision, we sua sponte dismiss this action.

*Case dismissed.*

SADLER and DORRIAN, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. John W. Perotti, | : | |
| Relator, | : | |
| v. | : | No. 16AP-710 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 27, 2016

*John W. Perotti,* pro se.

IN MANDAMUS AND HABEAS CORPUS
ON SUA SPONTE DISMISSAL

{¶ 7}  In this original action, relator, John W. Perotti, an inmate of the Mansfield Correctional Institution ("MCI") requests that a writ of mandamus and habeas corpus issue against respondent, Ohio Adult Parole Authority ("respondent" or "OAPA").

Findings of Fact:

{¶ 8}  1. On October 12, 2016, relator, an MCI inmate, filed this original action against respondent.

{¶ 9}  2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 10} 3. With his complaint, relator filed an affidavit of indigency executed during August 2016.

{¶ 11} 4. Relator did not file an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees as provided at R.C. 2969.25(C).

{¶ 12} 5. With his complaint, relator filed a seven-page document captioned "Mansfield Correctional Institution, Inmate Demand Statement." The Inmate Demand Statement sets forth the transactions in relator's inmate account at MCI for the period February 1 through August 20, 2016. August 19, 2016 is the date of the last entered transaction.

{¶ 13} 6. The Inmate Demand Statement is not certified by the institutional cashier.

{¶ 14} 7. With his complaint, relator also filed a document captioned "Combined Affidavit of Inmate Per R.C. 2969.21, et seq." This document indicates that relator has $6.18 in his inmate account. The document is purportedly signed by relator and was notarized by a notary on September 14, 2016. However, this document is not certified by the institutional cashier as required by R.C. 2969.25(C)(1).

{¶ 15} 8. Relator also filed with his complaint a document captioned "Affidavit of Prior Actions." The document indicates that the affidavit was executed by relator on August 16, 2016 before a notary.

Conclusions of Law:

{¶ 16} It is the magistrate's decision that this court sua sponte dismiss this action for relator's failure to satisfy the mandatory filing requirements set forth at R.C. 2969.25(C).

{¶ 17} R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 18} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio had occasion to apply R.C. 2969.25(C)(1) to the institutional cashier statement at issue in that case.  In affirming the judgment of the Medina County Court of Appeals, the Supreme Court explained:

> Pamer moved for waiver of the prepayment of fees to file his mandamus action and submitted an affidavit of indigency and a statement certified by his prison cashier showing his inmate account for the period from March 1, 2005, through August 1, 2005.
>
> On October 14, 2005, the court of appeals dismissed Pamer's complaint for failure to comply with the requirements of R.C. 2969.25(C). The court of appeals also ordered Pamer to pay costs.
>
> We affirm the judgment of the court of appeals. Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005 Ohio 6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and he did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 2001-Ohio-197, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at 493.

{¶ 19} The *Pamer* case is instructive here. Because relator filed this original action on October 12, 2016, relator was required by R.C. 2969.25(C) to file with his complaint a statement of the institutional cashier setting forth the balance in his inmate account "for each of the preceding six months," which includes September and August 2016. That is, September and August 2016 are among the six months preceding the filing of the complaint. However, the institutional cashier statement at issue here fails to set forth any balance or information regarding September 2016 and it only sets forth the balance for part of August 2016.

{¶ 20} Based on *Pamer*, the magistrate concludes that relator failed to satisfy the mandatory filing requirements of R.C. 2969.25(C). *See Al' Shahid v. Cook,* 144 Ohio St.3d 15, 2015-Ohio-2079. Therefore, this court must dismiss this action. *Pamer.*

{¶ 21} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.


/S/ MAGISTRATE
KENNETH W. MACKE


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).