[Cite as *State ex rel. Ware v. Kurt*, 2020-Ohio-3874.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. KIMANI
WARE

    Relator

    v.

SANDRA KURT, SUMMIT COUNTY
CLERK OF COURTS

    Respondent

C.A. No.     29622

ORIGINAL ACTION IN
MANDAMUS

Dated: July 29, 2020

PER CURIAM.

{¶1} Relator, Kimani Ware, filed a petition for a writ of mandamus to compel Summit County Clerk of Court Sandra Kurt to respond to his public records request. Ms. Kurt filed an answer and moved for summary judgment. Mr. Ware also moved for summary judgment. Ms. Kurt attached evidence to her motion for summary judgment showing that, after receipt of Mr. Ware's petition, she responded to the public records request.

{¶2} According to Mr. Ware's complaint, in January 2019, he mailed an envelope containing ten public records requests to the Summit County Clerk of Court's Office. He requested numerous documents including information related to employees, grand jury reports, oaths of office, Clerk's Office policies, budget information, dockets for a specific judge, and a transcript from a specific case.

{¶3} In December 2019, after not receiving a response to his request, Mr. Ware filed this mandamus action. Ms. Kurt filed an answer and a motion for summary judgment. According

to the motion for summary judgment, about one month after this action was filed, an assistant Summit County Prosecutor sent a letter to Mr. Ware indicating that she became aware of his public records requests because they were attached to the petition. She also provided documents responsive to many of his requests and explained why she was unable to respond to others.

{¶4} In her motion for summary judgment, Ms. Kurt argued the matter was moot because she responded to Mr. Ware's request. She also argued that she timely responded to the request as soon as she was aware of it, and that her office had responded to several other requests from Mr. Ware after January 2019. Mr. Ware also moved for summary judgment. He argued that he was entitled to statutory damages of $1,000 because of Ms. Kurt's delay in responding to his requests.

{¶5} While it appears that this matter is ripe for decision, this Court must instead dismiss it because Mr. Ware's petition and supporting documents are fatally defective.

{¶6} R.C. 2969.25 sets forth specific filings requirements for inmates who file a civil action against a government employee or entity. Sandra Kurt, the Summit County Clerk of Courts, is a government employee. R.C. 2969.21. Mr. Ware, incarcerated in the Trumbull Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶7} An inmate seeking waiver of filing fees, as Mr. Ware did here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as

certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The statute requires specific information be provided: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (Emphasis *sic.*) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-408, ¶ 6. Mr. Ware's affidavit of indigency only states that he is without sufficient funds to pay the filing fee and other costs. While the portion of the form completed by the cashier covers a six-month period, it reports only aggregate totals, which does not comply with the requirements of the statute. "'R.C. 2969.25(C) does not permit substantial compliance[,]'" it requires strict adherence by the filing inmate. *Id.* at ¶ 8, citing *State ex rel. v. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Ware has not complied with the mandatory requirements of R.C. 2969.25(C)(1).

{¶8} An inmate must strictly comply with the requirements of R.C. 2969.25. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.

{¶9} Mr. Ware's affidavit did not comply with the mandatory requirements of R.C. 2969.25 and, therefore, this case is dismissed. Because it was the filing of this action that prompted a response to Mr. Ware's public records request, however, no costs are taxed.

{¶10} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

KIMANI WARE, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.