[Cite as *Harris v. Ohio Adult Parole Auth.*, 2020-Ohio-5524.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mason Harris, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 20AP-237 |
| v. | : | (C.P.C. No. 19CV-2949) |
| Ohio Adult Parole Authority et al, | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 3, 2020

**On brief:** *Mason Harris*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} R.C. 2969.25 requires that an inmate who seeks to begin a civil action or appeal against a government entity or employee file at the same time an affidavit describing each civil action or appeal that the inmate has filed in the previous five years. Mason Harris failed to file such an affidavit when he filed a complaint alleging tort and civil rights claims against the Ohio Adult Parole Authority. The Franklin County Court of Common Pleas therefore dismissed the complaint. Mr. Harris's appeal identifies no error in the trial court's determination, so we will affirm the dismissal.

{¶ 2} Mr. Harris's complaint alleges that the members of the Ohio Adult Parole Authority violated his constitutional rights and committed torts that resulted in "mental suffering and false imprisonment" by denying him parole at a hearing on June 12, 2018. *See* April 9, 2019 Complaint at 1-2. Noting Mr. Harris's failure to file the affidavit required

by R.C. 2969.25, the Ohio Adult Parole Authority responded with a motion under Civil Rule 12(B)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted. *See* April 30, 2019 Motion.

{¶ 3} On May 15, 2019, Mr. Harris filed an affidavit in the trial court disclosing a number of other civil actions that he had initiated. The Ohio Adult Parole Authority then moved the trial court "to strike or ignore" the affidavit, arguing that "a belated attempt to file the required affidavit cannot excuse noncompliance." May 17, 2019 Motion to Strike Plaintiff's Affidavit at 1, 5, citing *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9.

{¶ 4} The trial court granted the motion to dismiss on March 12, 2020. Noting that Mr. "Harris failed to comply with the filing requirements," and that the statute requires the affidavit to be filed " '[a]t the time that an inmate commences a civil action,' " the trial court dismissed his case and overruled as moot a number of his pending motions for discovery. March 12, 2020 Decision at 2, 3.

{¶ 5} Mr. Harris appeals and presents two assignments of error. The first states: "The trial court erred when it prohibited itself from viewing surveillance camera footages of inmates and correctional members' sexual attacks against the plaintiff-appellant at Ohio prisons hurting his opportunities from acquiring a parole and release from the defendants-appellees without a pretrial and jury trial in violation of the Compulsory Process and Due Process Clauses of the United States and Ohio Constitutions." In support of this assignment of error, Mr. Harris notes the trial court's order dismissing the case and overruling his discovery motions as moot. Appellant's Brief at 1. Much of his argument seems directed at the defendants' alleged failure to review "surveillance camera footage" that he believes supports the allegations of his complaint. *Id.* at 2. Mr. Harris argues that "the trial court should have arrested" a number of corrections officers at the institution where he is currently incarcerated after reviewing the discovery he sought instead of overruling the motions as moot and dismissing his complaint. *Id.* at 3-5.

{¶ 6} "Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal." *Lowery v. Ohio Dept. of Rehab. & Correction*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 13, citing *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 32 (8th Dist.1996). We construe the first assignment's reference to the

trial court having "prohibited itself from viewing surveillance camera footages" to contest the trial court's having overruled the discovery motions as moot given the dismissal of his complaint.

{¶ 7} "Appellate review of a trial court's decision to dismiss a case under Civ.R. 12(B)(6) is de novo." *Beard v. New York Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 9. We find no error in the trial court's dismissal of the complaint. R.C. 2969.25(A) states: "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999), and *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998). Furthermore, "the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings." *Hall* at ¶ 4, citing *Fuqua*, 2003-Ohio-5533, at ¶ 9. Mr. Harris's failure to comply with the statutory mandate to file an affidavit disclosing his earlier litigation required dismissal of his complaint, and his subsequent filing of an affidavit did not cure the initial noncompliance. The trial court properly dismissed the complaint and, without a viable case before it, properly overruled the motions for discovery as moot. We overrule the first assignment of error.

{¶ 8} In his second assignment of error, Mr. Harris points to no other action by the trial court for our review: "Asst. Attorney General misconduct in the form of preventing plaintiff-appellant's multiple amount of witnesses from his plaintiff's pro se witness list and surveillance camera footages witnesses appearances at a pretrial and jury trial to prevent an outcome against the defendant-appellees violated plaintiff-appellant's right to a fair trial, compulsory process, substantive due process and equal protection under the federal and Ohio constitutions." To any extent that this assignment overlaps with the first, we overrule it on the same basis. And to any extent that it attempts to plow new ground, Mr. Harris points to no "specific rulings which the appellant wishes to challenge on appeal," *Lowery,* 2015-Ohio-869, at ¶ 13. We would not be empowered to review the actions of a

party's lawyer in the absence of any trial court ruling imposing or rejecting a sanction, or somehow addressing the "misconduct" alleged by Mr. Harris. *See* Ohio Constitution, Article IV, Section 3 ("Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district") *and* R.C. 2501.02 (court of appeal has jurisdiction "to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district"). In any event, given that Mr. Harris did not submit the required affidavit when he filed his complaint, the trial court did not err by dismissing the action and terminating the case. We overrule the second assignment of error.

{¶ 9} Having overruled both assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____