[Cite as *Washington v. Summit Cty. Adult Parole Auth.*, 2023-Ohio-1660.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JIMMIE L. WASHINGTON

    Petitioner

    v.

SUMMIT COUNTY ADULT PAROLE
AUTHORITY

    Respondent

C.A. No.    30679

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 17, 2023

---

PER CURIAM.

{¶1} Jimmie L. Washington filed a petition for writ of habeas corpus to compel Respondent to release him from being "restrained of my liberty." Although Mr. Washington named the "Summit County Adult Parole Authority" as respondent, he provided the address of the Summit County Probation Department and, therefore, the Summit County Prosecutor moved to dismiss. For the following reasons, this Court grants the motion and dismisses the petition.

{¶2} The motion to dismiss identified a number of reasons why this Court should dismiss the petition, including that Mr. Washington failed to comply with the mandatory filing requirements of R.C. 2969.25. This Court agrees that Mr. Washington failed to comply.

{¶3} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Both the Summit County Probation Department and the Adult Parole Authority are government entities. Mr. Washington, incarcerated in the Northeast Ohio Correctional Center, is an inmate. R.C. 2969.21(C) and (D). A case must be

dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). In this case, Mr. Washington failed to comply with the requirement that he file a statement of his prisoner trust account for the six months preceding the filing of his action and that he file a complete affidavit of prior civil actions and appeals.

{¶4} Mr. Washington did not pay the cost deposit required by this Court's Local Rules. Instead, he moved to proceed without paying the deposit. Mr. Washington did not comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. One of those requirements is that he file a statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. Instead, Mr. Washington filed a statement that included the balance of his account for only one month. This does not comply with the requirements of R.C. 2969.25(C).

{¶5} Mr. Washington also failed to comply with the requirement that he file an affidavit of prior civil actions or appeals identifying all of the civil actions or appeals he filed in the previous five years. R.C. 2969.25(A). Mr. Washington's affidavit includes a case name, the court where that case was filed, and that the case was dismissed. The affidavit does not include other required information, including the case number and the name of each party to the civil action. R.C. 2969.25(A)(2) and (3). Respondent further noted in its motion to dismiss that Mr. Washington failed to list other appeals and civil actions filed in this Court and in other courts around the state.

{¶6} "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. In this case, Mr. Washington failed to comply with the mandatory requirements of R.C. 2969.25. He filed an incomplete affidavit of prior civil actions and statement of his prisoner trust account. Because Mr. Washington failed to comply with these mandatory requirements, this Court must dismiss this action.

{¶7} Because Mr. Washington did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Washington.

{¶8} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JIMMIE WASHINGTON, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN and MARRETT W. HANNA, Assistant Prosecuting Attorneys, for Respondent.