**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Eppinger,* Slip Opinion No. 2016-Ohio-7452.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7452

THE STATE EX REL. BATES, APPELLANT, *v.* EPPINGER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Eppinger,* Slip Opinion No. 2016-Ohio-7452.]**

*Habeas corpus—Appellant failed to comply with R.C. 2969.25—R.C. 2945.74— Court of appeals' dismissal of petition affirmed.*

(No. 2016-0283—Submitted August 16, 2016—Decided October 26, 2016.)

APPEAL from the Court of Appeals for Lorain County, No. 15CA010845.

_____

**Per Curiam.**

{¶ 1} We affirm the Ninth District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, Robert L. Bates.

{¶ 2} In 2002, Bates was indicted on one count of aggravated murder with firearm specifications. A jury did not find Bates guilty of aggravated murder but found him guilty of the lesser offense of murder and guilty of the specifications. The trial court sentenced Bates to 15 years to life in prison for the murder and 8

years of actual incarceration for the specifications, to run consecutively to the murder sentence. The Tenth District Court of Appeals affirmed on direct appeal. *State v. Bates*, 10th Dist. Franklin No. 03AP-893, 2004-Ohio-4224.

**{¶ 3}** On September 9, 2015, Bates filed a petition for a writ of habeas corpus in the court of appeals. In his petition, Bates argued that the jury's failing to find him guilty of aggravated murder was an acquittal barring the jury from finding him guilty of the lesser included offense of murder. The jury's failing to find him guilty of aggravated murder, according to Bates, terminated the prosecution and deprived the trial court of subject-matter jurisdiction over his case. Bates's petition sought his immediate release.

**{¶ 4}** On October 9, 2015, appellee, Warden LaShann Eppinger, filed a motion to dismiss. The court of appeals dismissed Bates's petition, finding that Bates had failed to comply with the mandatory requirements of R.C. 2969.25.

**{¶ 5}** We affirm the court of appeals' judgment. R.C. 2969.25(C)(1) requires that inmates filing civil actions in forma pauperis file with their complaint an affidavit of indigency and "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." Bates filed an affidavit of indigency and a cashier's statement, but the statement does not set forth the balance of his inmate account for the six months preceding the filing of his petition, as required by the statute. Rather, it covers the months of December 2014 through May 2015, and his petition was filed in September 2015. Failure to satisfy R.C. 2969.25(C)(1) requires dismissal of a petition for a writ of habeas corpus. *Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 9-10.

**{¶ 6}** Bates attempted to amend his complaint, but a later filing of the proper statement does not cure the defect. *Id.* at ¶ 9; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4.

2

**{¶ 7}** Moreover, Bates's argument on the merits is that his conviction was improper because the lesser included offense of which he was convicted did not appear on the indictment. But we have held that habeas is not available to challenge the validity or sufficiency of an indictment; such an argument must be raised on direct appeal. *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-2081, 33 N.E.3d 56, ¶ 5; *State ex rel. Hadlock v. McMackin*, 61 Ohio St.3d 433, 434, 575 N.E.2d 184 (1991) ("A defendant may challenge the sufficiency of the indictment only by a direct appeal, and not through habeas corpus").

**{¶ 8}** Moreover, "R.C. 2945.74 provides that a criminal defendant may be found guilty of a lesser included offense even though the lesser offense was not separately charged in the indictment." *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 8. And murder is a lesser included offense of aggravated murder. *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 136.

**{¶ 9}** Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

————————————

Robert L. Bates, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

————————————