[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cowell v. Croce,* Slip Opinion No. 2017-Ohio-8132.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8132

THE STATE EX REL. COWELL, APPELLANT, *v.* CROCE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cowell v. Croce,* Slip Opinion No. 2017-Ohio-8132.]

*Mandamus—Appellant failed to comply with mandatory filing requirement of R.C. 2969.25(C)—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1257—Submitted May 16, 2017—Decided October 12, 2017.)

APPEAL from the Court of Appeals for Summit County, No. 28280.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Ninth District Court of Appeals dismissing the complaint of appellant, Joshua R. Cowell, for writs of mandamus and/or procedendo.

{¶ 2} In April 2011, Cowell pleaded guilty to and was convicted of aggravated burglary, felonious assault, rape, and kidnapping. The trial court

sentenced him to consecutive prison terms totaling 25 years and determined that none of the offenses were allied offenses under R.C. 2941.25.

{¶ 3} In June 2016, Cowell filed in the Ninth District a complaint for a writ of mandamus or, in the alternative, a writ of procedendo against appellee, Summit County Court of Common Pleas Judge Christine Croce. He argued that his sentence is void for two reasons: the trial court incorrectly found that none of the offenses were allied offenses and it failed to make the necessary findings before imposing consecutive sentences in violation of R.C. 2929.14(C)(4). Cowell submitted two affidavits with his complaint: an "affidavit setting forth the nature of the claims" and a "combined affidavit of inmate under R.C. 2969.21, et seq., and motion to waive payment or prepayment of the costs of this action."

{¶ 4} The court of appeals dismissed Cowell's complaint, finding that he had failed to comply with the mandatory filing requirements of R.C. 2969.25(A) and (C).

{¶ 5} R.C. 2969.25(C)(1) requires that an inmate who files a civil action against a government entity or employee in forma pauperis file with the complaint an affidavit of indigency and "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." Cowell failed to comply with the statute because his certified account statement covered only the six-month period ending March 10, 2016, even though he filed his complaint in June 2016. An inmate's failure to satisfy R.C. 2969.25(C)(1) requires dismissal of the inmate's action. *State ex rel. Bates v. Eppinger*, 147 Ohio St.3d 355, 2016-Ohio-7452, 65 N.E.3d 746, ¶ 5. Further, "a later filing of the proper statement does not cure the defect." *Id.* at ¶ 6.

{¶ 6} We reject Cowell's argument that under R.C. 2969.24(C), the court of appeals should have held a hearing before dismissing his complaint. That provision addresses dismissal of an inmate's complaint based on a court's finding that "[t]he allegation of indigency in a poverty affidavit filed by the inmate is false,"

the claim or issues of law presented in the civil action "are frivolous or malicious," or "[t]he inmate filed an affidavit required by [R.C. 2969.25 or 2969.26] that was materially false." R.C. 2969.24(A). But the court of appeals dismissed Cowell's complaint because his affidavit contained insufficient information—not because it contained false information or was frivolous or malicious.

{¶ 7} Because we conclude that the court of appeals correctly determined that Cowell failed to comply with R.C. 2969.25(C), we need not address whether he complied with R.C. 2969.25(A).

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

————————————

Joshua R. Cowell, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

————————————