[Cite as *State ex rel. Ware v. Ferrero*, 2019-Ohio-3849.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE EX REL. KIMANI E. WARE

     Relator

-vs-

JOHN D. FERRERO, PROSECUTOR,
et al.,

     Respondents

JUDGES:
Hon. William B. Hoffman, P.J
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2019CA00079

O P I N IO N

CHARACTER OF PROCEEDINGS:      WRIT OF MANDAMUS

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      September 23, 2019

APPEARANCES:

For Relator

KIMANI WARE
Inmate #A470743
Trumbull Correctional Institute
P.O. Box 901
Leavittsburg, Ohio 44430

For Respondents

JOHN D. FERRERO
Stark County Prosecuting Attorney

DAVID E. DEIBEL
Assistant Prosecuting Attorney
Civil Division
110 Central Plaza South, Suite 510
Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}** On July 30, 2019, Kimani Ware filed a petition for writ of mandamus to compel the Stark County Prosecutor, John D. Ferrero, and assistant prosecuting attorneys, Deborah A. Dawson and David E. Deibel, to respond to his public records request served on the Stark County Prosecutor's Office, by certified mail, on February 28, 2019. Mr. Ware requested the following public records: (1) all calendars of Stark County Prosecutors, Ferrero, Dawson and Deibel from January 1, 2019 through February 15, 2019; (2) personnel files of Dawson, Deibel, and Cheryl Parsons; (3) copies of the Stark County Prosecutor's employee handbook and public records request poster; (4) performance evaluation forms for Dawson, Deibel, and Parsons; (5) copies of the Stark County Prosecutor's office's policies, public records policy, records retention schedule, and records retention policy; and (6) copies of Prosecutor Ferrero's certificate of election, oath of office, and the Stark County Prosecutor's office organizational chart.

**{¶2}** For a writ of mandamus to issue, the Relator must have a clear legal right to the relief prayed for, the Respondent must be under a clear legal duty to perform the requested act, and Relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). Prosecutor Ferrero has moved to dismiss Mr. Ware's writ under Civ.R. 12(B)(6).

**{¶3}** The Court grants Prosecutor Ferrero's motion because Mr. Ware failed to satisfy the statutory requirements of R.C. 2969.25. This statute contains specific filing requirements for inmates who file a civil action against a government employee or entity. The statutory requirements of R.C. 2969.25 apply here because Prosecutor Ferrero and the employees of the prosecutor's office are "government employees" and the Stark

County Prosecutor's Office is a "government entity" as those terms are defined under R.C. 2969.21(B)(1)(a) and (C). Further, Mr. Ware is incarcerated in the Trumbull Correctional Institution and therefore satisfies the definition of "inmate" under R.C. 2969.21(D).

**{¶4}** Under R.C. 2969.25(A), an inmate who files a civil action or appeal against a government entity or employee "shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." An inmate is required to strictly comply with the statute. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶6. The affidavit must contain certain information, including:

> The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

**{¶5}** R.C. 2969.25(A)(4)

**{¶6}** Failure to follow the mandatory requirements of R.C. 2969.25(A) in the commencement of an action requires dismissal. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶6. ("The requirements of R.C. 2969.25 are

mandatory, and failure to comply with them subjects an inmate's action to dismissal.") *See also State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶4. Further, the Ohio Supreme Court recently reaffirmed the mandatory nature of the statute in *Swanson*, where the Court dismissed a mandamus action because the inmate failed to include in his affidavit a mandamus action that he had filed two weeks earlier. *Swanson,* 2019-Ohio-1271, at ¶7.

**{¶7}**   Here, Mr. Ware attached an affidavit to his petition in which he identified eight prior civil actions. In all eight of the identified civil actions, Mr. Ware failed to provide the outcome for any of the listed civil actions, and in two of the listed civil actions (Case No. 19AP161, Tenth District Court of Appeals and Case No. CA-29344, Ninth District Court of Appeals), he failed to describe the nature of the two civil actions. Mr. Ware contends, in his reply to the motion to dismiss, that he satisfied the requirements of R.C. 2969.25(A)(4) because he stated, at the bottom of the affidavit: "No civil action filed by mentioned above were never (sic) deemed by any court as frivolous or malicious." However, this statement does not address the deficiencies noted above.

**{¶8}**   Mr. Ware's affidavit does not comply with the mandatory requirements of R.C. 2969.25(A) and therefore, this case is dismissed.

{¶9}    The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle J. concur