[Cite as *State ex rel. Ware v. Byrd*, 2021-Ohio-4432.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.,
KIMANI E. WARE,

        Relator,

        v.

NAILAH K. BYRD, ET AL.,

        Respondents.

:

:

:

:

:

:

No. 110865

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** December 13, 2021

Writ of Mandamus
Motion Nos. 550364 and 550687
Order No. 550839

### *Appearances:*

Kimani E. Ware, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Samuel T. O'Leary, Assistant Prosecuting Attorney, *for respondent.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Relator, Kimani E. Ware, seeks a writ of mandamus to compel respondents, Cuyahoga County Clerk of Courts Nailah K. Byrd and the Cuyahoga County Clerk of Courts' Office, to produce certain administrative and case records.

We grant respondents' motion for summary judgment, deny Ware's motion for summary judgment, and deny the requested relief.

## I. Background

{¶ 2} On September 30, 2021, Ware filed a complaint for writ of mandamus. There, he alleged that on September 1, 2020, respondents received a public-records request, sent via certified mail, that requested the following items:

- The oaths of office of three appellate court judges, Judge Kathleen Ann Keough, Judge Mary Eileen Kilbane, and Judge Raymond C. Headen;

- The complaint and motions for summary judgment filed in *State ex rel. Bardwell v. Rocky River Police Dept.*, 8th Dist. Cuyahoga No. 91022, 2009-Ohio-727, which was initiated on February 12, 2008;[1]

- The complaint filed in *State ex rel. Bardwell v. Cleveland*, 8th Dist. Cuyahoga No. 91831, 2009-Ohio-5688, which was initiated on July 22, 2008;

- The personnel file of Clerk of Courts employee Laura Black;

- And respondents' public records policy.

{¶ 3} Ware further alleges that on September 11, 2020, he received a response to his request that indicated he did not need to pay a filing fee to file the

---

[1] The complaint did not indicate the filing date of the two court cases, but Ware's brief in opposition to respondents' motion for summary judgment indicated that these actions were commenced in 2008. This court takes judicial notice of the dockets of these cases and their filing dates that are publicly available over the internet at the clerk of courts' website, http://coc.cuyahogacounty.us. *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516; *Reynolds v. Ivey*, 8th Dist. Cuyahoga No. 106608, 2018-Ohio-693.

document but did not otherwise respond to the request. He claims that he sent further correspondence indicating that he was not attempting to file documents, but requesting public records, and seeking information on how much copies of the records would be. Relator claims that he sent another letter to respondents on November 10, 2020, again asking that the clerk's office process his public-records request. Relator states that no public records were supplied as of the filing of the complaint.

{¶ 4} Ware filed an amended complaint on October 20, 2021, with substantially the same allegations as the originally filed complaint with an additional paragraph seeking any other relief this court deemed appropriate and including an affidavit that contained more details about his claims. On November 4, 2021, respondents filed a motion for summary judgment after filing an answer the day before. There, respondents argued that the complaint is procedurally defective and the action is moot because respondents provided the requested records to Ware. Ware timely opposed the motion for summary judgment. Ware also filed a motion for summary judgment on November 19, 2021. He acknowledged that respondents had satisfied his public-records requests but argued that he was entitled to statutory damages. Respondents filed a brief in opposition on December 3, 2021, reiterating the arguments that Ware failed to file any affidavit because an affidavit of prior civil actions was not attached to his amended complaint.

## II. Law and Analysis

### A. Applicable Standards

{¶ 5} "Ohio's Public Records Act, R.C. 149.43, requires a public office to make copies of public records available to any person upon request within a reasonable period of time. R.C. 149.43(B)(1)." *State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 12. The Ohio Rules of Superintendence has similar rights of open access. *State ex rel. Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, ¶ 14. Mandamus is the appropriate means to vindicate rights embodied in Ohio's Public Records Act, found in R.C. 149.43 et seq., or under the Ohio Rules of Superintendence. *Id.* at ¶ 11; *State ex rel. Perry v. Cleveland Hts. Mun. Clerk of Courts*, 8th Dist. Cuyahoga No. 109916, 2020-Ohio-5193, ¶ 10. Requests for writs of mandamus will only be successful if relators can demonstrate, by clear and convincing evidence, that they have a right to the requested relief and respondents have a clear legal duty to provide that relief. *Giavasis* at ¶ 13.

{¶ 6} Ware has alleged in his complaint and amended complaint that respondents have violated Ohio's Public Records Act and sought redress thereunder. However, respondents assert that the Public Records Act does not govern the requests in this case because the Ohio Rules of Superintendence govern requests for court records.

{¶ 7} Ware seeks records of the operation or administration of a court (administrative documents under Sup.R. 44(D)(1)) and case information for two

cases (case documents under Sup.R. 44(C)(1)). These constitute court records pursuant to the Ohio Rules of Superintendence. Sup.R. 44(B). Access to court administrative and case records are generally governed by the Ohio Rules of Superintendence. *Giavasis* at ¶ 18, citing *Bey* at ¶ 11, citing Sup.R. 47(A)(1). However, case records for actions initiated prior to July 1, 2009, are governed by Ohio's Public Records Act. *Bey* at ¶ 11. Administrative records of a court, no matter when created, are governed by the Ohio Rules of Superintendence. *Id.* at ¶ 15. Therefore, the Ohio Rules of Superintendence govern Ware's first, fourth, and fifth request for administrative records as defined by Sup.R. 44(G)(1); and Ohio's Public Records Act governs the second and third requests because those requests deal with case records for cases initiated prior to July 1, 2009. Respondents' argument in their motion for summary judgment that the Ohio Rules of Superintendence govern all of Ware's requests is unavailing.

## B. R.C. 2969.25 — Procedural Deficiencies

{¶ 8} The complaint indicates that Ware is currently an inmate in an Ohio correctional institution. When an individual incarcerated in one of Ohio's correctional institutions initiates an action against a government employee or entity, R.C. 2969.25 requires the person to provide certain information along with the complaint. For instance,

> the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). The failure to strictly comply with this requirement is sufficient grounds to deny the requested relief. *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 12.

{¶ 9} Respondents' claim is that there is no affidavit supplied with the amended complaint filed on October 20, 2021. They go on to assert that because an amended complaint takes the place of the originally filed complaint, Ware's failure to include the affidavit that was attached to his original complaint means Ware failed to file any affidavit.

{¶ 10} The question is more nuanced. Courts have held that the failure to file the affidavits required by R.C. 2969.25 cannot be cured in a later filing or amendment to the complaint. *See, e.g., State ex rel. Bates v. Eppinger*, 147 Ohio St.3d 355, 2016-Ohio-7452, 65 N.E.3d 746, ¶ 6. So, even if an amended complaint included the appropriate affidavit, this court would be required to examine the

affidavit attached to the original complaint to determine whether it complied with R.C. 2969.25(A).

{¶ 11} This court does not need to directly address respondents' argument because even if we consider the affidavit included with the original complaint, that affidavit is insufficient to comply with the requirements set forth in R.C. 2969.25(A).

{¶ 12} Ware's affidavit of prior civil actions lists 23 prior actions filed within the past five years and four appeals to the Ohio Supreme Court. The majority of those are public records mandamus cases. It includes case information for each, including court, case titles and numbers, and disposition. However, Ware's affidavit does not strictly comply with R.C. 2969.25(A)(3) because this provision requires the affidavit to list the name of each party to each civil action or appeal. Ware has failed to include any name beyond those included in the case captions. In his listing of *Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, he provided the following information:

> *State ex rel. Ware v. Giavasis*, original action in mandamus, supreme court of [O]hio, case no. 2020-0043, public records case, outcome: judgment in favor of Giavasis.

{¶ 13} The complaint filed in this action includes six respondents.[2] The affidavit does not include any full names of the six respondents in the action. This

---

[2] This court takes judicial notice of the publicly available court records of this case, including the complaint, that are available over the internet. *See Everhart*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516; *Reynolds*, 8th Dist. Cuyahoga No. 106608, 2018-Ohio-693. These records are available at https://www.supremecourt.ohio.gov.

is representative of each case listed in the affidavit. This demonstrates that Ware has not strictly complied with the affidavit requirement of R.C. 2969.25(A).

{¶ 14} Ware is or should be aware of these requirements because this is not the first time a court has found deficiencies in affidavits Ware has submitted. The Fifth District Court of Appeals previously found an affidavit of prior civil actions submitted by Ware deficient, and Ware appealed that judgment to the Supreme Court of Ohio. *State ex rel. Ware v. Walsh*, 159 Ohio St.3d 120, 2020-Ohio-769, 148 N.E.3d 554, ¶ 1. The court affirmed the dismissal, holding: "'The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint.' *State ex rel. Hall v. Mohr*, 140 Ohio St. 3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. Because Ware did not strictly comply with the statute, the court of appeals correctly dismissed Ware's complaint." *Id.* at ¶ 4. *See also State ex rel. Ware v. Ferrero*, 5th Dist. Stark No. 2019CA00079, 2019-Ohio-3849 (dismissing the complaint for failure to comply with R.C. 2969.25); *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-511, 2020-Ohio-594 (finding that the affidavit of prior civil actions did not fully comply with R.C. 2969.25(A)); and *State ex rel. Ware v. Bur. of Sentence Computation Office*, 10th Dist. Franklin No. 19AP-841, 2020-Ohio-2695 (finding that Ware did not fully comply with R.C. 2969.25(A) or 2969.25(C)).

{¶ 15} Ware's affidavit attached to his complaint fails to satisfy the requirements of R.C. 2969.25(A). For this reason, respondents' motion for summary judgment is granted, Ware's motion for summary judgment is denied, and

the relief requested by Ware is denied.  Costs to relator.  The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 16}  Writ denied.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EMANUELLA D. GROVES, J., CONCUR