[Cite as *State ex rel. Ware v. Byrd*, 2022-Ohio-1175.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.,
KIMANI E. WARE,                              :

     Relator,                               :

                                            No. 110865

     v.                                     :

NAILAH K. BYRD, ET AL.,                      :

     Respondents.                           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** MOTION DENIED
**DATED:** April 1, 2022

---

Motion for Relief from Judgment
Motion No. 552581

---

*Appearances:*

Kimani E. Ware, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Relator, Kimani Ware, seeks relief from this court's judgment in *State ex rel. Ware v. Byrd*, 8th Dist. Cuyahoga No. 110865, 2021-Ohio-4432. He claims this court overlooked or ignored sections of his affidavit of prior civil actions when we denied his claim for relief in mandamus. We deny Ware's motion for relief from judgment, find the motion frivolous, and impose sanctions as detailed below.

## I.   Background

{¶ 2}   On September 29, 2021, Ware filed a writ of mandamus seeking certain records from respondent, Nailah K. Byrd, Cuyahoga County Clerk of Courts. He filed an amended complaint on October 20, 2021.  Along with the original complaint, Ware filed a two-page affidavit listing his numerous prior civil actions as required by R.C. 2969.25(A).  On November 4, 2021, respondent filed a motion for summary judgment.  On November 19, 2021, Ware filed his own motion for summary judgment and a brief in opposition to respondent's motion.  Respondent filed a brief in opposition to Ware's motion on December 3, 2021.

{¶ 3}   On December 13, 2021, this court denied Ware's request for writ of mandamus, finding that his affidavit of prior civil actions failed to strictly comply with R.C. 2969.25(A).  *Byrd*, 8th Dist. Cuyahoga No. 110865, 2021-Ohio-4432, at ¶ 15.

{¶ 4}   Finally, on February 15, 2022, Ware filed the instant motion for relief from judgment.  Respondent did not file any opposition to the motion.

## II.   Law and Analysis

{¶ 5}   A Civ.R. 60(B) motion for relief from judgment may be appropriately filed in an original action before a court of appeals.  *State ex rel. Pajestka v. Faulhaber*, 50 Ohio St.2d 41, 362 N.E.2d 263 (1977).  "To prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion."  *State*

*ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 18, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). Ware claims entitlement to relief under Civ.R. 60(B)(1) and (5): "mistake, inadvertence, surprise or excusable neglect," or "any other reason justifying relief from judgment." He claims that this court overlooked information included in an affidavit he filed with this complaint.

{¶ 6} We previously denied Ware's request for a writ of mandamus because he failed to strictly comply with R.C. 2969.25(A) when he filed an affidavit of prior civil actions that did not list all the names of parties to each prior action. *Byrd*, 8th Dist. Cuyahoga No. 110865, 2021-Ohio-4432, ¶ 15. In our decision, we cited to an example of Ware's failure to strictly comply. *Id.* at ¶ 12-13. Specifically, we pointed to Ware's recitation of the following case information:

> *State ex rel. Ware v. Giavasis*, original action in mandamus, supreme court of [O]hio, case no. 2020-0043, public records case, outcome: judgment in favor of Giavasis.

*Id.* at ¶ 12. We found that Ware failed to list all the names of the parties to this action because there were multiple respondents named in the complaint. *Id.* at ¶ 13. Ware now claims that this information for this case was in the affidavit the whole time and this court overlooked it. He claims this was a mistake entitling him to relief from judgment.

{¶ 7} This is not a type of claim contemplated by Civ.R. 60(B)(1). *Gold Touch v. TJS Lab*, 130 Ohio App.3d 106, 110, 719 N.E.2d 629 (8th Dist.1998). *See also Hankinson v. Hankinson*, 7th Dist. Mahoning No. 03 MA 7, 2004-Ohio-2480,

¶ 20, citing *Gold Touch* at 110-111 ("a factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1)"). "Rather, the rule is intended to address the mistake or inadvertence of parties or their agents." *Blatt v. Meridia Health Sys.*, 8th Dist. Cuyahoga No. 89074, 2008-Ohio-1818, ¶ 10. The rule does not apply to claimed mistakes made by a judge or court because the remedy is an appeal, rather than relief from judgment. Therefore, Ware has not established entitlement to relief under Civ.R. 60(B)(1).

{¶ 8} Ware also seeks relief from judgment under Civ.R. 60(B)(5) — any other reason justifying relief. His claimed error allegedly committed by the court does not fall within these parameters, but even if it did, Ware has not shown entitlement to relief for the following reasons.

{¶ 9} The affidavit included with the complaint consisted of two pages, the first page of which is reproduced in *Image 1*.

**AFFIDAVIT OF PRIOR CIVIL ACTIONS**
**OF**
**Kimani Ware**
**PURSUANT TO SECTION 2969.25(A)**

I Kimani Ware first being affirmed and cautioned state upon my personal knowledge and I am competent to testify to the facts contained in the affidavit.

1. State ex rel. Ware v. Ferrear, original action in mandamus, fifth dist. court of appeals case no.2019Ca00079, public records case, outcome: case dismissed; State ex rel. Ware v. Pureval, original action in mandamus, first dist. court of appeals case no. C1900563, public records case, outcome: case dismissed, appealed supreme court of ohio case no. 2020-0162, outcome: case reversed and remand back to the first dist. court of appeals, pending; State ex rel. Ware v. ohio dep't of rehab. & corr., original action in mandamus, tenth dist. court of appeals, case no.19AP511,public records case, outcome: case dismissed; State ex rel. Ware v. Dewine, original action in mandamus, tenth dist. court of appeals, case no.19AP161, public records case, outcome: Judgment in favor of Dewine, appealed supreme court of ohio case no. 2019-0168, outcome: judgment affirmed; State ex rel. Ware v. Giavasis, original action in mandamus, fifth dist. court of appeals, case no.2019ca 00003,public records case, outcome: judgment in favor of Giavasis; appealed supreme Court of ohio, case no. 2019-0824, outcome: judgment affirmed; State ex rel. Ware v. Kurt, Original action in mandamus, ninth dist. court of appeals, case no.29622, public records case, outcome: judgment in favor of Kurt, appealed supreme court of ohio, case no.2021-0823, outcome: pending; Ware v. Akron police dep't, public records comp'aint, in ohio court of claims, case no.201800502PQ, public records case, outcome: judgment in favor of Ware; State ex rel. Ware v. Mongmery co. clerk of courts, original action in mandamus, Supreme court of ohio, case no. 2018-1012, public records case, outcome: case dismissed; Ware v. Mansfield corr. Inst., public records complaint, in ohio court of claims , case no. 2018-01386PQ,public records case, outcome: judgment in favor of Ware; State ex rel. Ware v. Giavasis, original action in mandamus, supreme court of ohio, case no.2020-0043,public records case, outcome: judgment in favor of Giavasis; Ware v. hamiltion co. clerk of courts, injury complaint, In ohio court of claims, case no.2020-00046AD, Injury case, outcome: dismissed; State ex rel. Ware v. Kelly, original action in mandamus, 11ᵗʰ dist. court of appeals case no. 2020-L-043, public records case, outcome: pending; State ex rel. Ware v. Mhor, original in mandamus, supreme court of ohio, case no.2018-1013,public records case, outcome: dismissed; Ware v. Ohio dep't of rehab. & corr., injury complain,t in ohio court of claims , case no. 2017-0545JD, personal injury case, outcome: judgement in favor of Ware; State ex rel. Ware v. Walsh et al., original action in mandamus, ninth dist. court of appeals, case no. 29244, public records case, outcome: dismissed, appealed supreme court of ohio, case no. 2019-0772, outcome judgment affirmed; State ex rel. Ware v. Fankauser, original action in Mandamus, 11ᵗʰ dist. court of appeals, case no. 2021-p-00056,public records case, outcome: Pending; State ex rel. Ware v. Bureau of sentence computation, original action in mandamus,

[AFFIDAVIT OF PRIOR CIVIL ACTIONS PAGE 1 OF 2]

*Image 1*

The information lacking in the affidavit cited by this court for the case *State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, is readily apparent. The information for this case is approximately two-thirds of the way down the page in *Image 1*. No additional names of any parties are included in the affidavit.

{¶ 10} The affidavit attached to his motion for relief from judgment differs from the affidavit attached to his complaint, the first page of which is also reproduced in *Image 2.*



*Image 2*

The affidavit attached to the motion for relief from judgment now consists of three pages even though it specifically indicates at the bottom of each page that it

consists of two pages. Further, the new first page includes information at the top in a space that was previously blank. The affidavit in *Image 1* does not contain the information Ware claims the court overlooked in the affidavit attached to his motion for relief from judgment in *Image* 2. This information appears to have been added to the affidavit surreptitiously. The information is written in a different font, with different margins, and appears in what was mostly a blank space in the original affidavit.

{¶ 11} Ware has not shown that this court overlooked information that was contained within the affidavit of prior civil actions attached to his complaint even if this could constitute grounds for relief under Civ.R. 60(B).

{¶ 12} Further, giving Ware every benefit of the doubt and assuming the added information fixes the problem identified in our opinion, if the additional information included in *Image 2* was considered by the court, the result would be the same. Ware added information this court cited as lacking from the affidavit for only one case when multiple cases listed in the affidavit of prior civil actions failed to include the names of all the parties to the prior actions as required by R.C. 2969.25(A)(3). When we determined that Ware's affidavit did not strictly comply with R.C. 2969.25(A) and cited to the information listed for *State ex rel. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, we stated that this example "is representative of each case listed in the affidavit." *Byrd,* 8th Dist. Cuyahoga No. 110865, 2021-Ohio-4432, at ¶ 13. Ware has not managed to add information to fix the same error related to other cases included in the affidavit.

{¶ 13} Again, *for instance*, the opinion in *State ex rel. Ware v. Walsh*, 9th Dist. Summit No. 30051, 2021-Ohio-4585, states that Ware's complaint named two respondents, but Ware's affidavits of prior actions filed in the instant case do not include the full names of either respondent — only the last name of one respondent. Similarly, the complaint filed in *State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, named two respondents, but neither version of Ware's affidavit provided the name of the second respondent.

{¶ 14} Neither version of the affidavit of prior civil actions strictly complies with R.C. 2969.25(A)(3). Therefore, there is no reason under Civ.R. 60(B)(1) or 60(B)(5) to grant the relief from judgment.

{¶ 15} This is also not the first time that a document Ware has submitted in a court proceeding has been found to be suspect. Recently, the Supreme Court of Ohio was faced with a court filing from Ware that caused the justices to doubt its veracity. *State ex rel. Ware v. Crawford*, Slip Opinion No. 2022-Ohio-295. One justice summarized the issue thusly:

> Ware attests that he sent one version of the document; [respondent] attests that she received a different version. Ware attests that he mailed his version in the same envelope in which [respondent] attests that she received her version. So, unless the document transformed itself while in the hands of the postal service, someone isn't telling the truth.

*Id*. at ¶ 67 (DeWine, J., dissenting). This sort of discrepancy has also occurred in at least one other case filed by Ware. *State ex rel. Ware v. Andrews*, 11th Dist. Lake No. 2020-L-043, 2021-Ohio-4257. *See also State ex rel. Ware v. DeWine*,

10th Dist. Franklin No. 19AP-161, 2019-Ohio-5203, ¶ 7 (In this action, Ware averred that he did not receive responses to his public records requests on March 19, 2019. The court found, "we agree with the magistrate's conclusion that relator's assertion does not give rise to a material factual issue as to respondent's compliance with the public records law, given the undisputed averment in the affidavit of a prison employee that the institution received legal mail from respondent, addressed to relator, on March 19, 2019.").

{¶ 16} We find that Ware's motion for relief from judgment is frivolous. Ware's claim that the affidavit attached to his motion for relief from judgment is the same affidavit attached to his complaint is demonstrably false. Even if the newly minted affidavit was originally filed with the complaint, there is still no grounds for relief from judgment because Ware only managed to arguably correct one of multiple instances of his failure to include all the names of the parties to his prior actions. Pursuant to Loc.App.R. 23(A), we find the motion for relief from judgment is frivolous and impose double costs for its filing as a sanction. This court will find Ware to be a vexatious litigator under Loc.App.R. 23(B) should he persist in filing frivolous motions or actions in the future.

{¶ 17} Double costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 18}** Motion denied.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EMANUELLA D. GROVES, J., CONCUR